ERIC J. HAMILTON (CA 296283)
ZACHARY B. POHLMAN*
Nebraska Department of Justice
2115 State Capitol
Lincoln, Nebraska 68509
Tel.: (402) 471-2683
Fax: (402) 471-3297
*Pro hac vice application granted

Counsel for Plaintiff State of Nebraska

Additional counsel listed in signature block

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| STATE OF NEBRASKA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STEVEN S. CLIFF, in his official capacity as the Executive Officer of the California Air Resources Board; and ROB BONTA, in his official capacity as the Attorney General of the State of California, <br><br> Defendants. | Case No.: 2:24-cv-01364-TLN-CKD <br><br> **PLAINTIFFS' PARTIAL OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE** <br><br> Judge:  Hon. Troy Nunley <br> Date:  October 31, 2024 <br> Time:  2:00 PM <br> Courtroom:  2, 15th Floor <br> Action Filed:  May 13, 2024 <br> Trial Date:  Not set |

## INTRODUCTION

Defendants Steven S. Cliff and Rob Bonta request judicial notice of more than 400 pages spread across eight documents. ECF No. 69 ("RJN"). Consistent with long-established rules of judicial notice, Plaintiffs do not oppose the *existence* of any of these documents but do oppose judicial notice of any underlying *facts or inferences* from the documents. Defendants attempt to inject their version of the facts at this early stage to circumvent the general rule that "a district court may not consider material outside the pleadings when considering a motion to dismiss." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). But judicial notice is not a license to avoid the normal rules of pleading and factual development. Defendants' requests should be denied, as outlined below.

1

## LEGAL STANDARD

In ruling on a motion to dismiss, district courts generally consider only the pleadings. *Lee*, 250 F.3d at 689. A narrow exception exists for "matters of public record," which a court may judicially notice "without converting a motion to dismiss into a motion for summary judgment." *Id.* That small exception is governed by Federal Rule of Evidence 201(b), which provides: "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." While a court can judicially notice public records that satisfy Rule 201, "a court cannot take judicial notice of disputed facts contained in such public records." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018); *see also Lee*, 250 F.3d at 690 (stating that courts cannot take "judicial notice of *disputed* facts stated in public records"). Courts "may not, on the basis of evidence outside of the Complaint, take judicial notice of facts favorable to Defendants that could reasonably be disputed." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011).

## ARGUMENT

### I. Exhibit A (Initial Statement of Reasons)

Defendants request judicial notice of the "existence and contents" of Exhibit A, the Initial Statement of Reasons for Advanced Clean Fleets. RJN at 2. Plaintiffs do not oppose judicial notice of Exhibit A's existence.

Plaintiffs do oppose judicial notice of Exhibit A's contents as to their truth. In their motion to dismiss, Defendants rely on disputed factual statements contained in Exhibit A, apparently to explain why the California Air Resources Board (CARB) enacted Advanced Clean Fleets. For example, Defendants rely on Exhibit A to claim that (1) "disadvantaged communities" experience "acute health risks" from air pollution, (2) motor vehicles "contribute significantly to the greenhouse gases that are causing climate change," (3) communities near drayage sites "suffer disproportionately from harmful air pollution," (4) the transition to battery-electric trucks is "'feasible and critical' for high-priority fleets," (5) Advanced Clean Fleets extends previous emissions regulations, and (6) there are "numerous financial incentives" for battery-electric truck

"purchases and charging infrastructure." ECF No. 68-1, at 2–3.

Plaintiffs dispute each of these factual assertions, none appear on the face of the well-pleaded complaint, and none are relevant to Plaintiffs' claims—so none may be judicially noticed. Plaintiffs disagree with Exhibit A's account of the causes of climate change, the socioeconomic effects of air pollution, and the technological and economic feasibility of a forced conversion to electric vehicles, and judicial notice may not be used to decide "disputed factual matters." *Corinthian Colls.*, 655 F.3d at 999. At a minimum, each assertion is "subject to reasonable dispute." Fed. R. Evid. 201(b). And Defendants' apparent justification for the regulation—helping disadvantaged communities by extending existing regulations—has "no legal significance" to Plaintiffs' claim that Advanced Clean Fleets is preempted by two federal statutes and violates the dormant Commerce Clause. *City of Sausalito v. O'Neill*, 386 F.3d 1186, 1223 n.2 (9th Cir. 2004); *see also Meador v. Pleasant Valley State Prison*, 312 F. App'x 954, 956 (9th Cir. 2009) ("judicial notice is inappropriate where the facts to be noticed are irrelevant"). While "the *existence of*" Exhibit A may be judicially noticed, the "facts" that form the contents of Exhibit A may not be. *Corinthian Colls.*, 655 F.3d at 999.

**II.     Exhibit B (EMA-CARB Agreement)**

Defendants request judicial notice of the "existence and contents" of Exhibit B, an agreement among the Truck and Engine Manufacturers Association, some individual manufacturers, and CARB. RJN at 2. Plaintiffs do not oppose judicial notice of Exhibit B's existence but do oppose judicial notice of any facts or inferences from Exhibit B, including that the agreement is lawful. A court may not take "judicial notice of the validity" of a legal document. *Lee*, 250 F.3d at 690. Nor can the Court judicially notice that the manufacturers will comply with the agreement. That future possibility is speculative, and the manufacturer's present intent and future capabilities "cannot be accurately and readily determined." Fed. R. Evid. 201(b)(2). Because a "high degree of indisputability is the essential prerequisite" to judicial notice, the contents of the EMA-CARB agreement are not fit for judicial notice. *Id.* (Advisory Comm. Note to Subdiv. (a)).

**III.    Exhibit C (Request for Clean Air Act Preemption Waiver)**

Defendants request judicial notice of the "existence and contents" of Exhibit C, a request

sent by CARB to the Environmental Protection Agency (EPA) seeking a waiver of the Clean Air Act's preemption provision. RJN at 2. Plaintiffs do not oppose judicial notice of Exhibit C's existence. Nor do Plaintiffs oppose Defendants' use of Exhibit C to establish that "CARB has requested a CAA preemption waiver from EPA under 42 U.S.C. § 7543(b)(1) (Section 209(b)(1))." ECF 68-1, at 4. Plaintiffs oppose judicial notice of any of Exhibit C's contents for their truth, which are chock full of hotly contested factual assertions and policy arguments. *See* Fed. R. Evid. 201(b) (providing that fact may be judicially noticed only if "not subject to reasonable dispute).

**IV.     Exhibit D (Enforcement Notice)**

Defendants request judicial notice of the "existence and contents" of Exhibit D, a notice issued by CARB regarding the enforcement of Advanced Clean Fleets. RJN at 2. Plaintiffs do not oppose judicial notice of Exhibit D's existence but do oppose judicial notice of any further facts or inferences from Exhibit D. Defendants assert that Exhibit D "indicate[s]" Advanced Clean Fleets will not be enforced until EPA grants or denies a Clean Air Act preemption waiver. ECF No. 68-1, at 4. Whether and how the regulation will be enforced in the future is speculative, is "subject to reasonable dispute," and cannot "be accurately and readily determined" from trustworthy sources, since CARB itself published the notice. Fed. R. Evid. 201(b).

**V.     Exhibit E (Greenhouse Gas Emissions Standards for Heavy-Duty Vehicles: Phase 3 – Regulatory Impact Analysis)**

Defendants request judicial notice of the "existence and contents" of Exhibit E, the Regulatory Impact Analysis accompanying a federal rule setting emissions standards for heavy-duty trucks. RJN at 2–3. Plaintiffs do not oppose judicial notice of Exhibit E's existence.

Plaintiffs do oppose judicial notice of the contents of Exhibit E for their truth. Defendants cite Exhibit E first to claim that "[m]any heavy-duty vehicle manufacturers have publicly projected that 50% of their vehicle sales will be ZEVs by 2030." ECF No. 68-1, at 5. Future sales projections conducted by self-interested parties is exactly the kind of fact "subject to reasonable dispute" that may not be judicially noticed. Fed. R. Evid. 201(b). Defendants also cite Exhibit E to argue that crashes involving internal-combustion and battery-electric vehicles are equally dangerous. ECF No. 68-1, at 8. Plaintiffs' complaint alleges facts directly to the contrary. *See* Compl. ¶ 173

4

("Battery-electric trucks' heavier weight makes accidents involving them more likely to be severe and even deadly."). Not only is the relative safety of battery-electric vehicles "subject to reasonable dispute," it is actually disputed in this case. Fed. R. Evid. 201(b). True, "records and reports of administrative bodies" may be judicially noticed. *United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003). "But a court cannot take judicial notice of disputed facts contained in such public records." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

## VI. Exhibit F (Petition for Writ of Certiorari in *Ohio v. EPA*)

Defendants request judicial notice of the "existence and contents" of Exhibit F, a petition for a writ of certiorari to the U.S. Supreme Court in *Ohio v. EPA*, No. 24-13 (U.S.). RJN at 3. Plaintiffs do not oppose that request.

## VII. Exhibit G (Factual Allegations about Advanced Clean Truck Compliance)

Defendants request judicial notice of the "existence and contents" of Exhibit G, a CARB-authored "fact sheet" on a CARB webpage for its "Advanced Clean Trucks" regulation. RJN at 3. Plaintiffs do not oppose judicial notice of Exhibit G's existence but do oppose notice of any of its contents for their truth. The statistics in Exhibit G regarding truck sales and purported compliance with Advanced Clean *Trucks*—a regulation not challenged in this lawsuit—is not relevant to Plaintiffs' federal preemption and dormant Commerce Clause claims against Advanced Clean *Fleets*. And "judicial notice is inappropriate where the facts to be noticed are irrelevant." *Meador*, 312 F. App'x at 956.

At a minimum, Plaintiffs do not oppose judicial notice of the existence of the specific statistics that Defendants list in its request for judicial notice but do oppose judicial notice of any inferences from those statistics. *See* RJN at 3. The statistics in Exhibit G are "subject to varying interpretations" and "[r]easonable people could debate" what the data establishes, and so judicial notice is improper. *Khoja*, 899 F.3d at 1000. Specifically, Defendants cite Exhibit G to argue that the trucking "industry reached compliance with the [Advanced Clean Trucks] 2024 targets a year early." ECF No. 68-1, at 3. Whether the statistics excerpted in Plaintiffs request for judicial notice show that the "industry" complied with an entire set of complex regulations is not a fact that "can be accurately and readily determined" from a CARB webpage. Fed. R. Evid. 201(b)(2).

5

**VIII.  Exhibit H (Factual Allegations about EPA Grant)**

Finally, Defendants request judicial notice of the "existence and contents" of Exhibit H, an EPA webpage that states that California was awarded federal money to install electric-vehicle charging stations in three California cities. RJN at 3. Plaintiffs do not oppose judicial notice of Exhibit H's existence but do oppose judicial notice of any inferences from Exhibit H. Defendants cite Exhibit H as proof that federal money has been allocated to California's electric-vehicle infrastructure. ECF No. 68-1, at 3–4. Again, the relevance of that fact for Plaintiffs' federal claims is unclear at best. But even if the federal money were relevant, its significance to Plaintiffs' claims is "subject to varying interpretations" and "[r]easonable people could debate" whether it has anything to do with how to interpret, for example, the Federal Aviation Administration Authorization Act, so judicial notice is improper. *Khoja*, 899 F.3d at 1000.

**CONCLUSION**

The Court should decline to take judicial notice of the facts and other contents of the Exhibits objected to in this partial opposition.

| | |
|---|---|
| Dated: September 11, 2024 | Respectfully submitted. |一

MICHAEL T. HILGERS
Attorney General of Nebraska

/s/ Eric J. Hamilton
ERIC J. HAMILTON (CA 296283)
*Solicitor General*
ZACHARY B. POHLMAN*†
*Assistant Solicitor General*
Nebraska Department of Justice
2115 State Capitol
Lincoln, Nebraska 68509
Tel.: (402) 471-2683
Fax: (402) 471-3297
eric.hamilton@nebraska.gov
zachary.pohlman@nebraska.gov

*Counsel for Plaintiffs State of Nebraska, State of Alabama, Arizona State Legislature, State of Georgia, State of Idaho, State of Indiana, State of Iowa, State of Kansas, State of Louisiana, State of Missouri, State of Montana, State of Oklahoma, State of South Carolina, State of Utah, State of West Virginia, and State of Wyoming*

| | |
|---|---|
| STEVE MARSHALL<br>Attorney General of Alabama | ARIZONA STATE LEGISLATURE |
| | WARREN PETERSEN<br>President of the Arizona State Senate |
| ROBERT M. OVERING*<br>*Deputy Solicitor General*<br>Office of the Attorney General<br>State of Alabama<br>501 Washington Avenue<br>P.O. Box 300152<br>Montgomery, Alabama 36130-0152<br>Tel.: (334) 242-7300<br>Fax: (334) 353-8400<br>robert.overing@alabamaag.gov | BEN TOMA<br>Speaker of the Arizona House of Representatives<br><br>JUSTIN D. SMITH*<br>James Otis Law Group, LLC<br>13321 North Outer Forty Road, Suite 300<br>St. Louis, Missouri 63017<br>Tel.: (816) 678-2103<br>justin.smith@james-otis.com |
| *Counsel for Plaintiff State of Alabama* | *Counsel for Plaintiff Arizona State Legislature* |
| TIM GRIFFIN<br>Attorney General of Arkansas | CHRISTOPHER M. CARR<br>Attorney General of Georgia |
| /s/ Nicholas J. Bronni (as authorized on 9/10/2024)<br>NICHOLAS J. BRONNI (CA 243337)<br>*Solicitor General*<br>DYLAN L. JACOBS*<br>*Deputy Solicitor General*<br>Office of the Arkansas Attorney General<br>323 Center Street, Suite 200<br>Little Rock, Arkansas 72201<br>Tel.: (501) 682-2007<br>dylan.jacobs@arkansasag.gov | STEPHEN J. PETRANY*<br>*Solicitor General*<br>Office of the Attorney General<br>40 Capitol Square, SW<br>Atlanta, Georgia 30334<br>Tel.: (404) 458-3408<br>spetrany@law.ga.gov<br><br>*Counsel for Plaintiff State of Georgia* |
| *Counsel for Plaintiff State of Arkansas* | |

| | |
|---|---|
| RAÚL R. LABRADOR<br>Attorney General of Idaho<br><br>ALAN M. HURST*<br>*Solicitor General*<br>Office of the Idaho Attorney General<br>P.O. Box 83720<br>Boise, Idaho 83720<br>Tel.: (208) 334-2400<br>alan.hurst@ag.idaho.gov<br><br>*Counsel for Plaintiff State of Idaho*<br><br>BRENNA BIRD<br>Attorney General of Iowa<br><br>ERIC H. WESSAN*<br>*Solicitor General*<br>1305 E. Walnut Street<br>Des Moines, Iowa 50319<br>Tel.: (515) 823-9117<br>Fax: (515) 281-4209<br>eric.wessan@ag.iowa.gov<br><br>*Counsel for Plaintiff State of Iowa* | THEODORE E. ROKITA<br>Attorney General of Indiana<br><br>JAMES A. BARTA*<br>*Solicitor General*<br>Indiana Attorney General's Office<br>IGCS – 5th Floor<br>302 W. Washington St.<br>Indianapolis, Indiana 46204<br>Tel.: (317) 232-0709<br>james.barta@atg.in.gov<br><br>*Counsel for Plaintiff State of Indiana*<br><br>KRIS W. KOBACH<br>Attorney General of Kansas<br><br>ABHISHEK S. KAMBLI*<br>*Deputy Attorney General*<br>Office of the Kansas Attorney General<br>Memorial Building, 2nd Floor<br>120 SW 10th Avenue<br>Topeka, Kansas 66612-1597<br>Tel.: (785) 296-7109<br>Fax: (785) 291-3767<br>abhishek.kambli@ag.ks.gov<br><br>*Counsel for Plaintiff State of Kansas* |

| | |
|---|---|
| ELIZABETH B. MURRILL<br>Attorney General of Louisiana<br><br>KELSEY L. SMITH*<br>*Deputy Solicitor General*<br>Louisiana Department of Justice<br>1885 N. Third Street<br>Baton Rouge, Louisiana 70804<br>Tel.: (225) 428-7432<br>smithkel@ag.louisiana.gov<br><br>*Counsel for Plaintiff State of Louisiana* | ANDREW BAILEY<br>Attorney General of Missouri<br><br>CALEB RUTLEDGE*<br>*Assistant Attorney General*<br>Attorney General's Office of Missouri<br>Post Office Box 899<br>Jefferson City, Missouri 65102<br>Tel.: (573) 751-0812<br>Fax: (573) 751-0774<br>caleb.rutledge@ago.mo.gov<br><br>*Counsel for Plaintiff State of Missouri* |
| AUSTIN KNUDSEN<br>Attorney General of Montana<br><br>CHRISTIAN B. CORRIGAN*<br>*Solicitor General*<br>PETER M. TORSTENSEN, JR.*<br>*Deputy Solicitor General*<br>Montana Department of Justice<br>215 N. Sanders<br>Helena, Montana 59601<br>christian.corrigan@mt.gov<br>peter.torstensen@mt.gov<br><br>*Counsel for Plaintiff State of Montana* | GENTNER DRUMMOND<br>Attorney General of Oklahoma<br><br>GARRY M. GASKINS, II*<br>*Solicitor General*<br>JENNIFER L. LEWIS*<br>*Deputy Attorney General*<br>Office of the Attorney General<br>of Oklahoma<br>313 NE Twenty-First St.<br>Oklahoma City, Oklahoma 73105<br>Tel.: (405) 521-3921<br>garry.gaskins@oag.ok.gov<br>jennifer.lewis@oag.ok.gov<br><br>*Counsel for Plaintiff State of Oklahoma* |

| | |
|---|---|
| ALAN WILSON<br>Attorney General of South Carolina | SEAN REYES<br>Attorney General of Utah |
| JOSEPH D. SPATE*<br>*Assistant Deputy Solicitor General*<br>1000 Assembly Street<br>Columbia, South Carolina 29201<br>Tel.: (803) 734-3371<br>josephspate@scag.gov<br><br>*Counsel for Plaintiff State of South Carolina* | STANFORD PURSER*<br>*Solicitor General*<br>Office of the Utah Attorney General<br>160 E. 300 S., 5th Floor<br>Salt Lake City, Utah 84111<br>Tel.: (385) 382-4334<br>spurser@agutah.gov<br><br>*Counsel for Plaintiff State of Utah* |
| PATRICK MORRISEY<br>Attorney General of West Virginia | BRIDGET HILL<br>Attorney General of Wyoming |
| MICHAEL R. WILLIAMS*<br>*Principal Deputy Solicitor General*<br>Office of the Attorney General of West Virginia<br>State Capitol Complex<br>Building 1, Room E-26<br>Charleston, West Virginia 25301<br>Tel.: (304) 558-2021<br>michael.r.williams@wvago.gov<br><br>*Counsel for Plaintiff State of West Virginia* | RYAN SCHELHAAS*<br>*Chief Deputy Attorney General*<br>Office of the Wyoming Attorney General<br>109 State Capitol<br>Cheyenne, Wyoming 82002<br>Tel.: (307) 777-5786<br>ryan.schelhaas@wyo.gov<br><br>*Counsel for Plaintiff State of Wyoming* |

/s/ Nathan D. Clark (as authorized on 9/10/2024)
NATHAN D. CLARK*
JESSICA K. ROBINSON*
Cline Williams Wright Johnson & Oldfather
233 South 13 Street
Suite 1900
Lincoln, Nebraska 68508
Tel.: (402) 474-6900
nclark@clinewilliams.com
jrobinson@clinewilliams.com

LANDON D. BAILEY (CA 240236)
Bailey PLC
1200 Suncast Lane, Suite 7
El Dorado Hills, California 95762
Tel.: (916) 713-2580
landon@baileyplc.com

*Counsel for Plaintiff Nebraska Trucking Association*

* Pro hac vice application granted
† Zachary Pohlman represents the State of Nebraska alone.