ZACHARY B. POHLMAN*
BEATRICE O. STRNAD (CA 327791)
Nebraska Department of Justice
2115 State Capitol
Lincoln, Nebraska 68509
Tel.: (402) 471-2683
Fax: (402) 471-3297
zachary.pohlman@nebraska.gov
beatrice.strnad@nebraska.gov
*Pro hac vice application granted

Counsel for Plaintiff State of Nebraska

Additional counsel listed in signature block

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| **STATE OF NEBRASKA, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**STEVEN S. CLIFF, in his official capacity as the Executive Officer of the California Air Resources Board; and ROB BONTA, in his official capacity as the Attorney General of the State of California,**<br><br>Defendants. | Case No.: 2:24-cv-01364-TLN-CKD<br><br>**PLAINTIFFS' REPLY ON THEIR MOTION FOR INJUNCTION TO ENFORCE STIPULATION AND ORDER, OR IN THE ALTERNATIVE, FOR ORDER TO SHOW CAUSE**<br><br>Judge:     Hon. Troy Nunley<br>Date:      May 14, 2026 (vacated)<br>Time:      2:00 PM<br>Courtroom: 2, 15th Floor<br>Action Filed: May 13, 2024<br>Trial Date:  Not set / Abeyance |

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................. iii

INTRODUCTION ...............................................................................................................1

ARGUMENT .......................................................................................................................1

 I. Defendants Violated and Are Violating This Court's Stipulation and Order. ......... 1

 II. This Court Has Subject-Matter Jurisdiction to Enforce Its Own Order. .................. 3

  A. Plaintiffs seek to enforce the Stipulation and Order, not the preliminary-injunction order in *Daimler* ....................................................... 3

  B.  Plaintiffs have standing. .............................................................................. 3

  C. The Anti-Injunction Act allows this Court to give meaningful relief. ......... 4

 III. Plaintiffs Are Entitled to the Relief Sought. ............................................................. 5

CONCLUSION ....................................................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Trucking Assocs. v. City of Los Angeles*,
569 U.S. 641 (2013)...................................................................................................2

*Cahill v. Insider Inc.*,
131 F.4th 933 (9th Cir. 2025)....................................................................................3

*Callie v. Near*,
829 F.2d 888 (9th Cir. 1987)......................................................................................4

*Flanagan v. Arnaiz*,
143 F.3d 540 (9th Cir. 1998)......................................................................................4

*James v. Bellotti*,
733 F.2d 989 (1st Cir. 1984).......................................................................................4

*Jeff D. v. Andrus*,
899 F.2d 753 (9th Cir. 1989)......................................................................................1

*Parsons v. Ryan*,
949 F.3d 443 (9th Cir. 2020)......................................................................................3

*Perry v. Newsom*,
18 F.4th 622 (9th Cir. 2021)...................................................................................3, 4

*Olympic Pipe Line Co. v. City of Seattle*,
437 F.3d 872 (9th Cir. 2006) .....................................................................................2

*United States v. Am. Soc'y of Composers, Authors, and Publishers*,
442 F.2d 601 (2d. Cir. 1971).......................................................................................4

*United States v. District of Columbia*,
654 F.2d 802 (D.C. Cir. 1981) ...................................................................................4

*Uzuegbunam v. Preczewski*,
592 U.S. 279 (2021) ....................................................................................................3

**Statutes**

28 U.S.C. § 2283 .....................................................................................................4, 5

Cal. Civ. Code § 1636.................................................................................................1

Cal. Civ. Code § 1638.................................................................................................1

**Regulation**

Cal. Code Regs., tit. 13, § 2016 .............................................................................1, 2

**INTRODUCTION**

For all their discussion of the arguments, procedural history, and status of *other* cases, Defendants avoid engaging with the only thing presently at issue in *this* case: the text of the Stipulation and Order. That omission, while surprising, is understandable. The text is not kind to them. Defendants agreed, and this Court ordered,

> that they *will not enforce* the part of the Advanced Clean Fleets regulation requiring 100% zero-emission-vehicle sales in the medium- and heavy-duty categories beginning with model year 2036 (Cal. Code Regs., tit. 13, § 2016), until CARB obtains a Clean Air Act preemption waiver from EPA for that regulatory requirement.

ECF 95, ¶ 3 (emphasis added). The dispositive question is whether Defendants' attempt to enforce the 2036 zero-emissions sales requirement via a state-court lawsuit violates their promise not to "enforce" that requirement. To ask the question is to answer it.

**ARGUMENT**

**I.    Defendants Violated and Are Violating This Court's Stipulation and Order.**

Defendants' principal argument is that their state-court lawsuit is not an attempt to "enforce" Advanced Clean Fleets because neither the Complaint nor the Stipulation and Order mentions the Clean Truck Partnership. ECF 109, at 13–14. Citing no legal authority, they try to place on Plaintiffs a burden to produce "contemporaneous documents" showing that the parties intended the Stipulation and Order to reach the Clean Truck Partnership. *Id.* at 13. The made-up requirement to produce extrinsic evidence of mutual intent flies in the face of settled principles of California contract interpretation—principles Defendants agree govern here.[1] *Id.* (citing *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989) ("An agreement to settle a legal dispute is a contract and its enforceability is governed by familiar principles of contract law.")).

The relevant contract principles are found in the California Civil Code. "The language of a contract is to govern its interpretation," since the goal is to ascertain the "mutual intention of the parties." Cal. Civ. Code §§ 1636, 1638. "When a contract is reduced to writing, the intention of the

---

[1] In this case, it may also violate Federal Rule of Evidence 408.

parties is to be ascertained *from the writing alone*, if possible." *Id.* § 1639 (emphasis added); *see* § 1638. Moreover, the "words of a contract are to be understood in their ordinary and popular sense, rather than according to their strict legal meaning; unless used by the parties in a technical sense, or unless a special meaning is given to them by usage, in which case the latter must be followed." *Id.* § 1644.

The Stipulation and Order is unambiguous: Defendants "will not enforce" the 2036 zero-emissions sales requirement. ECF 95, ¶ 3. It does not distinguish between methods of enforcement. It does not carve out contract-based enforcement. It prohibits *all* attempts to force compliance with the sales requirement.

Defendants' state-court lawsuit does exactly that. They sued the very manufacturers subject to the sales requirement and seek an "injunction compelling [the truck manufacturers] to satisfy the sales commitments they made" in the Clean Truck Partnership—commitments that explicitly include "the 100 percent ZEV sales requirement set forth in Cal. Code Regs title 13, section 2016." ECF 106-2, at 18, 164. Defendants are thus using the Clean Truck Partnership as a backdoor to force compliance with Advanced Clean Fleets. That is enforcement.

That the state-court lawsuit purports to enforce a "contract" does not change its function. As the Supreme Court has recognized, contracts involving government entities can "function[] as part and parcel of a governmental program wielding coercive power over private parties." *Am. Trucking Assocs. v. City of Los Angeles*, 569 U.S. 641, 650 (2013); *see also Olympic Pipe Line Co. v. City of Seattle*, 437 F.3d 872, 881 (9th Cir. 2006) (holding that city was "acting as a regulator" through contract with private parties). That explains the state-court lawsuit perfectly.[2] And because the state-court suit attempts to enforce the 2036 zero-emissions sales requirement, it violates the Stipulation and Order.

---

[2] Defendants' partial quote of Plaintiffs' Opposition to Defendants' Motion to Dismiss is misleading. *See* ECF 109, at 13. In full, Plaintiffs stated: "The agreement Defendants cite is beyond the scope of the Complaint *and should not be considered in this motion to dismiss*." ECF 70, at 12 (emphasis added). And in a footnote, Plaintiffs explicitly stated that they "do not oppose judicial notice of the existence of the agreement but do oppose judicial notice of any facts or inferences from the agreement, *including that it is lawful*." *Id.* n.2 (emphasis added). The time is now ripe to consider the Clean Truck Partnership itself, that it explicitly incorporates the 2036 zero-emissions sales requirement, and that enforcing that requirement in contract or otherwise is unlawful. Nothing in Plaintiffs' Opposition to Defendants' Motion to Dismiss is inconsistent with this motion.

**II.     This Court Has Subject-Matter Jurisdiction to Enforce Its Own Order.**

    **A.     Plaintiffs seek to enforce the Stipulation and Order, not the preliminary-injunction order in *Daimler*.**

Despite Defendants' repeated statements to the contrary, Plaintiffs do not seek "to enforce the preliminary injunction order issued by the *Daimler* court." ECF 109, at 16; *see id.* at 14, 17, 18. If they see fit, *Daimler* plaintiffs can move to enforce that order themselves. Instead, Plaintiffs seek "to enforce the Court's Stipulation and Order entered on May 5, 2025." ECF 106, at 1. To be sure, Judge Coggins's order is not irrelevant. It is, in fact, (highly) persuasive authority that Defendants' attempt to enforce the Clean Truck Partnership is an attempt to enforce Advanced Clean Fleets itself. In the court's words, the state-court lawsuit is "clearly an attempt to enforce preempted standards," including the "model year 2036 zero-emissions requirement." ECF 106-2, at 216. Bringing that well-reasoned decision to this Court's attention does not somehow convert Plaintiffs' motion to enforce the Stipulation and Order into a motion to enforce an order in another case. This Court no doubt has subject-matter jurisdiction and inherent authority to enforce its own orders. *See Cahill v. Insider Inc.*, 131 F.4th 933, 938 (9th Cir. 2025).

    **B.     Plaintiffs have standing.**

Defendants' standing argument misunderstands Plaintiffs' motion. ECF 109, at 17–19. Plaintiffs are not bringing a new claim; they are asking the Court to enforce the stipulation that all parties agreed to and that this Court ordered. Courts routinely exercise jurisdiction to enforce stipulated orders at the request of the parties they bind. *E.g.*, *Parsons v. Ryan*, 949 F.3d 443, 454 (9th Cir. 2020).

Though not needed, Plaintiffs have standing in any event. One of the "traditionally recognized" harms that gives rise to Article III standing is a "violation of private rights, including contract rights, whether or not the violation of such rights resulted in economic damage or other injury." *Perry v. Newsom*, 18 F.4th 622, 639 (9th Cir. 2021). Common-law courts heard breach of contract claims even "where there was no apparent continuing or threatened injury." *Uzuegbunam v. Preczewski*, 592 U.S. 279, 286 (2021). To this day, "[f]ederal courts continue to follow this common law principle that a breach of contract is itself a concrete injury for purposes of Article III

standing." *Perry*, 18 F.4th at 639. Here, the parties entered an agreement approved by the Court: Plaintiffs agreed to dismiss the Complaint if Defendants agreed not to enforce the 2036 zero-emissions sale requirement without first obtaining a waiver. Defendants' breach of that contract via the state-court suit—and concurrent violation of this Court's order—violates Plaintiffs' private rights and supports Article III standing.

### C.    The Anti-Injunction Act allows this Court to give meaningful relief.

It is "well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). Nothing in the Anti-Injunction Act strips this Court of the authority to give the relief Plaintiffs seek here. As Plaintiffs explained, while the Anti-Injunction Act generally limits federal interference with state proceedings, it expressly permits injunctions when "necessary in aid of" the Court's jurisdiction or "to protect or effectuate its judgments." 28 U.S.C. § 2283; ECF 106-1, at 13.

Both exceptions apply here. Plaintiffs do not seek to halt state litigation in the abstract but to prevent Defendants from prosecuting a state-court action that violates this Court's Stipulation and Order. Where, as here, a district court has entered a stipulation as an order and retains authority to enforce it, a later state-court action that attempts to evade that order may be enjoined. The Ninth Circuit has affirmed an injunction requiring dismissal of a state-court action that was an "entirely unjustified attempt" to avoid an agreement "incorporated in a court order." *Flanagan v. Arnaiz*, 143 F.3d 540, 545 (9th Cir. 1998). The same is true here. Defendants agreed not to enforce the 2036 sales requirement absent a waiver, and then filed a state-court action seeking to compel compliance with that requirement through contract claims. As in *Flanagan*, the Anti-Injunction Act permits this Court to enjoin that effort in aid of its jurisdiction and to protect its order. *See James v. Bellotti*, 733 F.2d 989, 994 (1st Cir. 1984) ("Nothing prevents the district court from issuing an order provisionally approving the settlement, which would support a subsequent protective injunction."); *United States v. District of Columbia*, 654 F.2d 802, 810 (D.C. Cir. 1981); *United States v. Am. Soc'y of Composers, Authors, and Publishers*, 442 F.2d 601, 603 (2d. Cir. 1971).

Defendants' constrictive reading of the Anti-Injunction Act leads to an absurd result and would severely limit the power of this Court to police compliance with its own orders. Defendants

rightly concede that the Act "does not apply to injunctions imposed prior to filing" a state-court suit. ECF 109, at 22. Thus, Plaintiffs and Defendants agree that a federal district court can order Party A not to sue Party B in state court before such a case exists. But if Party A flaunts the court's order and sues Party B in state court anyway, Defendants hold that the federal court would be powerless to order Party A to dismiss the state-court suit. Not only does that reading strip federal district courts of their inherent authority to enforce their own orders; it also contradicts the text of the Anti-Injunction Act, which expressly allows a federal court to enjoin state-court actions when "necessary in aid of" the Court's jurisdiction over federal cases and to "to protect or effectuate its judgments." 28 U.S.C. § 2283. Neither the statutory text nor precedent interpreting it supports Defendants' overly narrow view of this Court's power to enforce its own orders.

## III. Plaintiffs Are Entitled to the Relief Sought.

Defendants' remedial arguments all rest on the same mistaken premise that Plaintiffs seek a freestanding preliminary injunction in a new dispute. They do not. Plaintiffs seek enforcement of an existing order. ECF 106. Once Defendants violated the Stipulation and Order by filing and maintaining a state-court action to enforce the 2036 zero-emissions sales requirement, the proper remedy became an order requiring compliance. That is not extraordinary relief; it is the ordinary consequence of violating a court order. An injunction to dismiss the state-court lawsuit would simply return the Parties to the state of play the day this Court signed the Stipulation and Order.

Defendants' argument that the stay of the state-court action obviates the need for this Court to enforce its own order fails for the same reason. Staying a state-court action prohibited by the Stipulation and Order does not somehow make that action compliant with this Court's order. Defendants worry that that the statute of limitations could run on their state-court action if the Court orders its dismissal.[3] ECF 109, at 21. But that is not a reason to excuse noncompliance. If

---

[3] Defendants' own materials show that the defendants in the state-court lawsuit offered to enter into a mutual tolling agreement with CARB for "all related claims and counterclaims." ECF 109-3, at 5. It is baffling why Defendants are resisting dismissal of a state-court lawsuit that violates this Court's Stipulation and Order when their statute-of-limitations concern could be solved by a tolling agreement the state-court defendants are willing to execute. Defendants say that a tolling agreement is insufficient because it would "only preserve the right to litigate against the signatories" and might not preserve claims against "newly-discovered defendants." ECF 109, at 21 n.13. But Defendants want to preserve a *contract claim* against the signatories to the Clean Truck Partnership. The only possible defendants in a contract claim are the signatories to the contract.

Defendants wanted to preserve the option to enforce Advanced Clean Fleets via a state-court breach-of-contract action, then Defendants could have negotiated for that term in the Stipulation and Order. They did not. Buyers' remorse does not and cannot excuse a failure to adhere to a settlement agreement and court order. Because Defendants are violating the Stipulation and Order by maintaining the state-court action, the Court should order them to end that violation

## CONCLUSION

Judge Coggins was right: Defendants' state-court lawsuit is "clearly an attempt to enforce" the "2036 zero-emissions requirement." ECF 106-2, at 216. That matters here because Defendants agreed in the Stipulation and Order that they "will not enforce" that very requirement. Given Defendants' violation, Plaintiffs respectfully request that the Court:

1. Declare that Defendants' filing, maintenance, and prosecution of the Alameda County action constitutes "enforce[ment]" of the "the part of the Advanced Clean Fleets regulation requiring 100% zero-emission-vehicle sales in the . . . heavy-duty categories beginning with model year 2036 (Cal. Code Regs., tit. 13, § 2016)" within the meaning of Paragraph 3 of the Stipulation and Order;

2. Enjoin Defendants from taking any further action to prosecute, pursue, maintain, or obtain relief in the Alameda County action;

3. Order Defendants, within seven (7) days, to dismiss the Alameda County action;

4. Alternatively, issue an Order to Show Cause why Defendants should not be held in civil contempt for violating the Stipulation and Order.

Dated: May 7, 2026                                  Respectfully submitted.


                                                    MICHAEL T. HILGERS
                                                    Attorney General of Nebraska


                                                    /s/ Zachary B. Pohlman
                                                    ZACHARY B. POHLMAN*†
                                                    *Deputy Solicitor General*
                                                    /s/ Beatrice O. Strnad (as authorized on 5/4/2026)
                                                    BEATRICE O. STRNAD (CA 327791)
                                                    *Assistant Attorney General*
                                                    Nebraska Department of Justice
                                                    2115 State Capitol
                                                    Lincoln, Nebraska 68509
                                                    Tel.: (402) 471-2683
                                                    Fax: (402) 471-3297
                                                    zachary.pohlman@nebraska.gov
                                                    bebe.strnad@nebraska.gov


                                                    *Counsel for Plaintiffs State of Nebraska, State of Alabama, Arizona State Legislature, State of Arkansas, State of Georgia, State of Idaho, State of Indiana, State of Iowa, State of Kansas, State of Louisiana, State of Missouri, State of Montana, State of Oklahoma, State of South Carolina, State of Utah, State of West Virginia, and State of Wyoming*

STEVE MARSHALL
Attorney General of Alabama

ROBERT M. OVERING*
*Deputy Solicitor General*
Office of the Attorney General
State of Alabama
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152
Tel.: (334) 242-7300
Fax: (334) 353-8400
robert.overing@alabamaag.gov

*Counsel for Plaintiff State of Alabama*

TIM GRIFFIN
Attorney General of Arkansas

AUTUMN HAMIT PATTERSON*
*Solicitor General*
Office of the Arkansas Attorney General
101 West Capitol Avenue
Little Rock, Arkansas 72201
Tel.: (501) 682-2007
autumn.patterson@arkansasag.gov

*Counsel for Plaintiff State of Arkansas*

ARIZONA STATE LEGISLATURE

WARREN PETERSEN
President of the Arizona State Senate

STEVE MONTENEGRO
Speaker of the Arizona House of Representatives

JUSTIN D. SMITH*
James Otis Law Group, LLC
530 Maryville Centre Drive, Suite 230
St. Louis, Missouri 63141
Tel.: (816) 678-2103
justin.smith@james-otis.com

*Counsel for Plaintiff Arizona State Legislature*

CHRISTOPHER M. CARR
Attorney General of Georgia

JOHN HENRY THOMPSON*
*Solicitor General*
Office of the Attorney General
40 Capitol Square, SW
Atlanta, Georgia 30334
Tel.: (404) 458-3373
jhthompson@law.ga.gov

*Counsel for Plaintiff State of Georgia*

RAÚL R. LABRADOR
Attorney General of Idaho

MICHAEL ZARIAN*
*Solicitor General*
Office of the Idaho Attorney General
P.O. Box 83720
Boise, Idaho 83720
Tel.: (208) 334-2400
michael.zarian@ag.idaho.gov

*Counsel for Plaintiff State of Idaho*

BRENNA BIRD
Attorney General of Iowa

ERIC H. WESSAN*
*Solicitor General*
1305 E. Walnut Street
Des Moines, Iowa 50319
Tel.: (515) 823-9117
Fax: (515) 281-4209
eric.wessan@ag.iowa.gov

*Counsel for Plaintiff State of Iowa*

THEODORE E. ROKITA
Attorney General of Indiana

JAMES A. BARTA*
*Solicitor General*
Indiana Attorney General's Office
IGCS – 5th Floor
302 W. Washington St.
Indianapolis, Indiana 46204
Tel.: (317) 232-0709
james.barta@atg.in.gov

*Counsel for Plaintiff State of Indiana*

KRIS W. KOBACH
Attorney General of Kansas

JAMES RODRIGUEZ*
*Assistant Attorney General*
Office of the Kansas Attorney General
Memorial Building, 2nd Floor
120 SW 10th Avenue
Topeka, Kansas 66612-1597
Tel.: (785) 296-3960
Fax: (785) 291-3767
jay.rodriguez@ag.ks.gov

*Counsel for Plaintiff State of Kansas*

ELIZABETH B. MURRILL
Attorney General of Louisiana

KELSEY L. SMITH*
*Deputy Solicitor General*
Louisiana Department of Justice
1885 N. Third Street
Baton Rouge, Louisiana 70804
Tel.: (225) 428-7432
smithkel@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*

AUSTIN KNUDSEN
Attorney General of Montana

CHRISTIAN B. CORRIGAN*
*Solicitor General*
Montana Department of Justice
215 N. Sanders
Helena, Montana 59601
christian.corrigan@mt.gov

*Counsel for Plaintiff State of Montana*

CATHERINE HANAWAY
Attorney General of Missouri

ALEX R. BUTTRAM*
*Assistant Solicitor General*
Attorney General's Office of Missouri
Post Office Box 899
Jefferson City, Missouri 65102
Tel.: (314) 340-4754
Fax: (573) 751-0774
alex.buttram@ago.mo.gov

*Counsel for Plaintiff State of Missouri*

GENTNER DRUMMOND
Attorney General of Oklahoma

GARRY M. GASKINS, II*
*Solicitor General*
JENNIFER L. LEWIS*
*Deputy Attorney General*
Office of the Attorney General
of Oklahoma
313 NE Twenty-First St.
Oklahoma City, Oklahoma 73105
Tel.: (405) 521-3921
garry.gaskins@oag.ok.gov
jennifer.lewis@oag.ok.gov

*Counsel for Plaintiff State of Oklahoma*

ALAN WILSON
Attorney General of South Carolina

JOSEPH D. SPATE*
*Deputy Solicitor General*
1000 Assembly Street
Columbia, South Carolina 29201
Tel.: (803) 734-3371
josephspate@scag.gov

*Counsel for Plaintiff State of South Carolina*

JOHN B. MCCUSKEY
Attorney General of West Virginia

MICHAEL R. WILLIAMS*
*Solicitor General*
Office of the Attorney General of West Virginia
State Capitol Complex
Building 1, Room E-26
Charleston, West Virginia 25301
Tel.: (304) 558-2021
michael.r.williams@wvago.gov

*Counsel for Plaintiff State of West Virginia*

DEREK BROWN
Attorney General of Utah

STANFORD PURSER*
*Solicitor General*
Office of the Utah Attorney General
160 E. 300 S., 5th Floor
Salt Lake City, Utah 84111
Tel.: (385) 382-4334
spurser@agutah.gov

*Counsel for Plaintiff State of Utah*

KEITH G. KAUTZ
Attorney General of Wyoming

RYAN SCHELHAAS*
*Chief Deputy Attorney General*
Office of the Wyoming Attorney General
109 State Capitol
Cheyenne, Wyoming 82002
Tel.: (307) 777-5786
ryan.schelhaas@wyo.gov

*Counsel for Plaintiff State of Wyoming*

/s/ Nathan D. Clark (as authorized on 5/4/2026)

NATHAN D. CLARK*
JESSICA K. ROBINSON*
Cline Williams Wright Johnson & Oldfather
233 South 13 Street
Suite 1900
Lincoln, Nebraska 68508
Tel.: (402) 474-6900
nclark@clinewilliams.com
jrobinson@clinewilliams.com

LANDON D. BAILEY (CA 240236)
Bailey PLC
1200 Suncast Lane, Suite 7
El Dorado Hills, California 95762
Tel.: (916) 713-2580
landon@baileyplc.com

*Counsel for Plaintiff Nebraska Trucking Association*

* Pro hac vice application granted
† Zachary Pohlman represents the State of Nebraska alone